**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD WALKER, | ) | 1:09cv01667 OWW DLB |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO ADD EXHIBITS |
| Plaintiff, | ) | (Document 6) |
| | ) | |
| v. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | RETURN DOCUMENTS TO PLAINTIFF |
| CITY OF FRESNO, et al., | ) | |
| | ) | ORDER GRANTING PLAINTIFF THIRTY |
| | ) | DAYS TO FILE AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |

Plaintiff Harold Walker ("Plaintiff"), a state prisoner proceeding pro se, filed the instant civil rights action on September 21, 2009. An order on Plaintiff's application to proceed in forma pauperis is pending, as the Court is awaiting submission of his prison trust account statement.

On October 9, 2009, Plaintiff filed a motion to add exhibits to his original complaint and the exhibits were lodged with the Court. Plaintiff's motion is DENIED for the following reasons.

First, with regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, Plaintiff is cautioned that it is not the duty of the Court to wade through his exhibits to determine whether or not he has claims cognizable under section 1983. Rather, the Court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief

under section 1983. If Plaintiff attaches exhibits to his complaint, each exhibit must be specifically referenced.

Second, Plaintiff is informed that the Court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). <u>Evidence improperly submitted to the court will be stricken</u>.

In the instant action, Plaintiff's best interests are served by submitting a complaint that is both clear and concise. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend his pleading <u>once</u> as a matter of course at any time before a responsive pleading is served. A complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id</u>. at 47. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

Accordingly, Plaintiff's motion to add the exhibits is DENIED and the Clerk of Court is DIRECTED to RETURN the lodged exhibits. As discussed above, if Plaintiff wishes to add the exhibits to the complaint, he may file an amended complaint with the exhibits attached within **thirty (30) days** of the date of service of this order. If the Court does not receive an amended complaint within that time frame, it will screen his original complaint.[1]

---

[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The court will direct the United States Marshal to serve Plaintiff's complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.

1    Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth
2  v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th
3  Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading,"
4  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint
5  which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to
6  <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at
7  1474.

        IT IS SO ORDERED.

        Dated:   **October 23, 2009**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE