# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | 1:09cv1667 OWW DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| JERRY DYER, et al., | |
| Defendants. | |

Plaintiff Harold Walker ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 21, 2009. He filed a First Amended Complaint on November 9, 2009.

## DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B. <u>Failure to State a Claim</u>

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C. <u>Allegations</u>

Plaintiff's allegations arise, in part, from an incident on August 29, 2009, when he alleges that Officers Alvarez, Christopher Aranas, L. Leibee, Lindsay Dozier and Phillip Corona entered Apartment #213, 109 N. Glenn, Fresno. He argues that they entered the apartment without probable cause and without consent, and used excessive force in restraining him. He further contends that Officers Aranas, Corona and Carmen Robles knowingly falsified a police incident report, and that Supervisors George Wilson and Scott Durham, as well as Officer Dozier, knowingly approved of the false report.

Also in connection with the August 29, 2009, incident, Plaintiff alleges that Arthur Madrid, the apartment manager at 109 N. Glenn, called the Fresno Police Department and made false statements to get the police to come to the complex.[1]

On August 31, 2009, Plaintiff alleges that he arrived at "Fresno Parole Units #3-7 Office" to see his parole officer, Lilo Diaz. After waiting for hours, Plaintiff was allegedly led into Diaz's office and placed in restraints by Diaz and Officer Michael Petereka. He alleges that Diaz and Petereka used excessive force by placing his arms behind his head despite his neck and back

---

[1] The causes of action against Defendants Alvarez, Aranas, Leibee, Dozier, Corona, Robles, Wilson, Durham and Madrid are addressed in a separate order.

injuries and forcing Plaintiff to walk after taking away his cane.  Plaintiff alleges that Diaz confiscated Plaintiff's legal papers and falsely charged him with resisting arrest and use of cocaine.  Plaintiff alleges that Parole Unit Supervisor Larry Robinson approved of the charges, which he knew to be false.  Insofar as Plaintiff contends that Diaz and Robinson took Plaintiff's legal papers, which included mail from this Court and the Ninth Circuit Court of Appeals, Plaintiff contends that they hindered his access to the courts.

D.     Discussion

Plaintiff's causes of action arising from the incident on August 29, 2009, are unrelated to his claims arising from his August 31, 2009, contact with the parole staff.  The two incidents involve different factual claims and different defendants.  Plaintiff may not proceed in this action on a myriad of unrelated claims.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (internal citations omitted).

Moreover, Defendant "Fresno Parole Units #3-7 Office" is not a proper defendant.  A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Gibson, 290 F.3d at 1185; Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008) (a section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom).  Plaintiff has failed to allege that the "Fresno Parole Units #3-7 Office" implemented any policy or procedure that deprived him of any constitutional rights.

Accordingly, Plaintiff cannot proceed in this action against Defendants Diaz, Petereka, Robinson, and the "Fresno Parole Units #3-7 Office" and the Court recommends that they be DISMISSED WITHOUT PREJUDICE TO FILING A SEPARATE COMPLAINT.

## **RECOMMENDATION**

Based on the above, the Court finds that Defendants Diaz, Petereka, Robinson and "Fresno Parole Units #3-7 Office" should be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2009**            **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE