# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| HAROLD WALKER, | CASE NO. 1:09-cv-1667-OWW-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART, DENIED IN PART** |
| v. | |
| CITY OF FRESNO, et al., | **OBJECTIONS DUE: TWENTY (20) DAYS** |
| Defendants. | Docket Nos. 24, 37 |

## I. INTRODUCTION

**A.  Procedural Background**

Plaintiff Harold Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 21, 2009, and a First Amended Complaint ("FAC") on November 9, 2009.

On November 13, 2009, Magistrate Judge Dennis L. Beck, pursuant to 28 U.S.C. § 1915A(a), screened Plaintiff's FAC. In screening Plaintiff's complaint, Judge Beck found that Plaintiff stated a cognizable claim under 42 U.S.C. § 1983 against Officers A. Alvarez, Christopher Aranas, L. Leibee, Lindsay Dozier, Phillip Corona, and Carmen Robles. Judge Beck

also determined that Plaintiff did not state cognizable claims against other individuals named by Plaintiff. The Court ordered Plaintiff to inform the Court whether he intended to file an amended complaint or whether he wished to proceed against the defendants against whom he had stated cognizable claims.

On November 23, 2009, Plaintiff informed the Court that he wished to proceed with his Section 1983 claim against Officers Alvarez, Aranas, Leibee, Dozier, Corona, and Robles. On December 15, 2009, the Court issued an order directing the U.S. Marshal to serve the FAC on Defendants Dozier, Alvarez, Aranas, Leibee, Corona, and Robles (collectively "Defendants").

On February 26, 2010, Defendants filed a Motion to Dismiss, asserting that Plaintiff failed to state a claim for unlawful entry and arrest under the Fourth Amendment, failed to allege a claim for false police reports, and failed to adequately allege the participation of Defendant Robles. Defendants request that these claims be dismissed with prejudice and that Defendant Robles be dismissed from the action with prejudice. Defendants request that "the case move forward solely on Plaintiff's excessive force claim." *See* Reply Brief (Br.) at 4. It is this motion that is currently pending before the Court.

### B.     Factual Background

Plaintiff's allegations arise from an incident on August 29, 2009, in which he alleges that Officers Alvarez, Aranas, Leibee, Dozier, and Corona entered Apartment #213, 109 N. Glenn, Fresno. Plaintiff contends that he had permission to be in the apartment from the tenant, Michael Edwards, who was not there at the time.

Plaintiff alleges that Defendant Officers Alvarez, Aranas, Leibee, Dozier, and Corona entered the apartment without probable cause or consent and that no exigency existed. He further contends that the officers used unnecessary and excessive force in restraining him, despite the fact that he had notified the officers of prior neck and back injuries. After Plaintiff was restrained, he alleges that Officer Aranas took his wallet and found his parole identification card. Plaintiff was then taken into custody and transported to the hospital for treatment.

Plaintiff asserts that officer Carmen Robles, who was summoned to duty at the hospital, took pictures of Plaintiff while he was at the hospital. *Id.* Plaintiff contends that Officers

Aranas, Corona, and Robles knowingly falsified a police incident report, and that Officer Dozier knowingly approved the false report. Plaintiff attached these reports to his FAC. The police reports and statements the police collected reflect that the apartment manager of the complex where Plaintiff was allegedly staying as a guest, saw him around the property. FAC at 10. The manager confronted Plaintiff and asked him what he was doing in the complex. *Id.* Plaintiff allegedly told the manager that he was going to see if his friend was home. *Id.* The manager's statement to the police explained that he saw Plaintiff enter the apartment of one of the residents. *Id.* The report states that the manager called the apartment that Plaintiff had entered, and asked to speak to the tenant. *Id.* The manager said a male, who the manager believed to be Plaintiff, answered the phone. *Id.* The man to whom the manager spoke refused to put the tenant on the telephone. *Id.* The apartment manager then telephoned the police. Plaintiff asserts that the apartment manager made false reports to "get the Fresno Police to come to the apartment complex." FAC at 5.

According to the police report attached to the FAC, officers responding to the manager's call went to the apartment, but did not hear any music or noise. FAC at 10. The responding officers knocked on the door to the apartment, but there was no response. *Id.* Officers then proceeded to obtain a key to the apartment from the manager to conduct "a welfare check of [the tenant]." *Id.* Plaintiff would not heed the officers' requests to come out of the apartment and discuss the situation. *Id.* Eventually, Plaintiff stated he would come out to talk to officers, but did not comply in the manner requested by the officers. Thus, officers "took [Plaintiff] down to the ground" while he was still in the apartment. *Id.* Plaintiff was then taken into custody without further incident, and was transported to a hospital for medical care. *Id.*

## II.   DISCUSSION

### A.   Legal Standard – 12(b)(6) Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, a court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89

1  S.Ct. 1843, 23 L.Ed.2d 404, *reh'g denied*, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

2  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,"

3  none of which applies to section 19893 actions. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512

4  (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain

5  statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

6  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

7  of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

8  1937, 1949, 173 L.Ed. 2d 868 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

9  127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiff must set forth "sufficient factual matter,

10 accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting

11 *Twombly*, 550 U.S. at 555).

12     While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct.

13 at 1949. The statement must "give the defendant fair notice of what the plaintiff's claim is and

14 the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. A court may dismiss a

15 complaint only if it is clear that no relief could be granted under any set of facts that could be

16 proved consistent with the allegations. *Id.* at 514.

17     "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is

18 entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings

19 that a recovery is very remote and unlikely but that is not the test.'" *Jackson v. Carey*, 353 F.3d

20 750, 755 (9th Cir. 2003), *quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21     **B.     Analysis**

22     **1.     Defendants' Motion to Strike Plaintiff's Multiple Opposition Briefs
            to Defendants' Motion to Dismiss Should Be Granted.**

23     As an initial matter, Defendants' motion to dismiss was filed on February 26, 2010. On

24 March 11, 2010, Plaintiff filed a brief in opposition to Defendants' motion. Doc. 25. On March

25 18, 2010, Defendants filed a reply brief to Plaintiff's opposition brief. Doc. 26. On April 28,

26 2010, Plaintiff filed another brief in opposition to the motion to dismiss. Doc. 31. On May 27,

27 2010, Plaintiff filed a document entitled "Reply to Motion to Dismiss." Doc. 24. Defendants ask

28 that these additional briefs be stricken as improperly filed.

1    The Local Rules in the Eastern District provide that a party opposing a motion shall file an opposition not less than fourteen (14) days prior to the hearing date. Not less than seven (7) days prior to the date of the hearing, the moving party may file and serve a reply to any opposition filed by the responding party. Local Rule 133(c), (d). There is no provision for filing any other papers associated with a motion. Here, to the extent that Plaintiff has filed three (3) briefs in opposition to Defendants' motion to dismiss, he is not in compliance with the local rules. As such, Defendants' Motion to Strike the additional pleadings should be granted.

### 2.   Defendants' Motion to Dismiss Plaintiff's Claims for Warrantless Entry and Arrest in Violation of the Fourth Amendment Should Be Denied.

Defendants argue that Plaintiff's claim for an unlawful entry into a residence in violation of the Fourth Amendment should be dismissed because the police report attached to the FAC sets forth facts showing a reasonable basis for the police to enter the residence. Defendants assert that, because the police report was attached to the FAC and the facts contained in the report contradict Plaintiff's allegations, Plaintiff's allegations in his FAC cannot be taken as true. *See Durning v. First Boston Corp.*, 815 F.3d 1265, 1267 (9th Cir. 1987) (court may disregard allegation in the complaint if contradicted by facts established by reference to a document attached as an exhibit to the complaint). Defendants also assert that their actions in entering the apartment were reasonable as a matter of law; thus, Plaintiff's claim for unlawful entry in violation of the Fourth Amendment should be dismissed as a matter of law.

In general, the Fourth Amendment bars a warrantless search of or entry into a residence unless the officers have probable cause and are confronted with exigent circumstances. *See Payton*, 445 U.S. at 590; *see also LaLonde v. County of Riverside*, 204 F.3d 947, 954 (9th Cir. 2000). Absent exigent circumstances, probable cause alone cannot justify an officer's warrantless entry into a person's home. *See LaLonde*, 204 F.3d at 954; *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984); *see also U.S. v. Al-Azzawy*, 784 F.2d 890, 894 (9th Cir. 1985) ("Probable cause alone will not support a warrantless search or arrest in a residence unless some exception to the warrant requirement is also present."). However, the Fourth Amendment "does not bar police officers from making warrantless entries and searches when they reasonably

5

believe that a person within is in need of immediate aid." *Mincey v. State of Arizona*, 437 U.S. 385, 392 (1978). For purposes of a valid warrantless entry, considering the totality of the circumstances, law enforcement must have an objectively reasonable basis for concluding that there is an immediate need to protect others or themselves from serious harm. *United States v. Snipe*, 515 F.3d 947, 951-51 (9th Cir. 2008).

Although Defendants assert that the reasonableness of their entry into the apartment can be determined as a matter of law, the reasonableness of the officers' conduct is an issue of fact. *See McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) (in section 1983 action against police predicated on Fourth Amendment violation, factual matters underlying the judgment of reasonableness is a question of fact for the jury). Defendants' argument in this regard is essentially that there is no genuine issue of material fact as to the reasonableness of the warrantless entry. Defendants' argument pertains to the merits of Plaintiff's claim, not the sufficiency of his complaint. The substantive merit of the complaint or cause of action is not a relevant inquiry in the context of a Rule 12(b)(6) motion to dismiss.

Further, the fact that Plaintiff, a pro se litigant, attached police reports to his FAC that contain police officers' statements regarding the emergency they perceived during the course of the warrantless entry does not negate the fact that Plaintiff explicitly asserts that there was no exigency or emergency that justified police entry into the apartment. Moreover, Plaintiff alleges that the police reports are false and has explicitly disavowed the facts contained therein. While Defendants may be entitled to summary judgment as to this issue at a later stage of the litigation, a motion to dismiss is not the appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (motion to dismiss is concerned with a claim's sufficiency rather than its substantive merits). Therefore, Defendants' motion to dismiss Plaintiff's claim for warrantless entry should be denied.

Defendants also argue that Plaintiff has not sufficiently alleged a claim for an unlawful arrest in violation of the Fourth Amendment. The allegations of an unlawful arrest inside the apartment are tied to whether probable cause and exigent circumstances existed for police to make the warrantless entry into the apartment in the first instance. *See Kirk v. Louisiana*,

1  536 U.S. 635, 635-36 (2002). In *Kirk*, police officers entered the petitioner's home where they
2  arrested and searched him. The officers had neither an arrest warrant nor a search warrant. The
3  Supreme Court explained that police officers need either a warrant or probable cause plus exigent
4  circumstances in order to make a lawful entry into a home. *Id.* (citing *Payton v. New York*, 445
5  U.S. 573, 589 (1980)). The Court concluded that exigent circumstances were required to justify
6  the entry; if no exigent circumstances were present, the entry, arrest, and search of the officers
7  violated the Fourth Amendment. *Id.*

8  Here, in order to show that the warrantless arrest was valid, Defendants must establish
9  that entry into the apartment without a warrant or consent was valid and that probable cause
10 supported the arrest once lawfully inside the apartment. This goes to the substantive merits of
11 Plaintiff's claim, not the sufficiency of the allegations of the complaint. As Plaintiff has alleged
12 that no exigent circumstances existed to justify the entry into the apartment, Plaintiff's allegation
13 that the subsequent arrest inside the apartment was invalid is sufficiently pled. *See Payton*, 445
14 U.S. at 586 (Fourth Amendment explicitly prohibits police officers from making a warrantless
15 and non-consensual entry into a suspect's home to effect an arrest absent exigent circumstances –
16 subsequent searches and seizures within a home without a warrant are presumptively invalid).
17 Defendants' motion to dismiss Plaintiff's claim for an unlawful arrest should be denied.

18     **3.  Defendants' Motion to Dismiss Plaintiff's Claim Based on Alleged False Police Reports Should Be Granted With Prejudice.**
19

20 Defendants assert that, to the extent Plaintiff has attempted to state a distinct and separate
21 claim against officers for drafting and submitting false police reports, this claim must be
22 dismissed as insufficiently pled.

23 In his FAC, Plaintiff alleges that "Fresno Police Officers Ch[r]istopher Aranas, Phillip
24 Corona, and Carman Robles knowingly and willingly abused their authority under the color of
25 law to knowingly and willingly write false Fresno Police Department Incident Reports." FAC at
26 4:23-25. Defendants argue that Plaintiff has not pled any connection between the allegedly false
27 reports and a constitutional interest. In his opposition, Plaintiff explains that he has "stated and
28 made a claim base[d] on Defendants making a false police report[] to justify their violation of

Plaintiff's Fourth Amendment right and the use of unnecessary and excessive use of force on Plaintiff." Opp. at 1. Plaintiff is alleging that Defendants falsified their police reports to manufacture facts giving rise to an exigency in an attempt to justify entering the apartment where Plaintiff was staying. Plaintiff is also asserting that the police reports were falsified to cover up the amount of force that was used during the course of his arrest or to justify the amount of force that was used. According to Plaintiff, these allegations are asserted to support his claims of warrantless entry and arrest (i.e., that no exigency existed) and excessive force (i.e., police reports inaccurately detailed the extent of his injuries) in violation of the Fourth Amendment. Defendants' alleged conduct in drafting false reports does not amount to a deprivation of a constitutional right. Accordingly, Defendants' motion to dismiss Plaintiff's Section 1983 claim for "false police reports" should be granted with prejudice.

**4.     Defendants' Motion to Dismiss Defendant Robles Should Be Granted With Prejudice.**

Defendants argue that Plaintiff's allegations fail to state a claim against Defendant Robles. Plaintiff's allegations related to Defendant Robles are limited to the statement that Defendant Robles took pictures of his injuries while at the hospital and drafted a false police report that did not accurately detail Plaintiff's injuries. FAC at 4:23; Opp. at 2:23-25. Defendants assert that Plaintiff has not linked Defendant Robles to any constitutional deprivation. Accordingly, Defendants maintain that Defendant Robles should be dismissed from the action with prejudice.

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [Section] 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, Defendant Robles is not alleged to have participated in the arrest of Plaintiff, which gives rise to Plaintiff's excessive force claim. Plaintiff alleges Defendant Robles was involved in memorializing the extent of Plaintiff's injuries at the hospital. Defendant Robles'

alleged conduct of failing to take accurate pictures and filing a false report regarding Robles' observation at the hospital of Plaintiff's injuries does not represent a deprivation of Plaintiff's Fourth Amendment rights. Further, Defendant Robles' alleged conduct is not linked to the deprivation of any other identified constitutional right.

Although the Court initially ordered Defendant Robles to be served with the FAC, the dismissal of Defendant Robles from this action is appropriate because Defendant Robles' alleged actions do not amount to a deprivation of a constitutional right. As such, a Section 1983 claim cannot be maintained against Defendant Robles based on Robles' asserted participation in the complained of events. The Court, therefore, recommends that Defendant Robles be dismissed from the action with prejudice.

### III.   CONCLUSION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' Motion to Strike Plaintiff's April 28, 2010, and May 27, 2010, pleadings be GRANTED;
2. Defendants' Motion to Dismiss Plaintiff's Claim for warrantless entry in violation of the Fourth Amendment be DENIED;
3. Defendant's Motion to Dismiss Plaintiff's Claim for unlawful arrest in violation of the Fourth Amendment be DENIED;
4. Defendants' Motion to Dismiss Plaintiff's Claim for preparing false police reports be GRANTED with prejudice; and
5. Defendants' Motion to Dismiss Defendant Robles from the action be GRANTED with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of title 28 of the United States Code section 636(b)(1). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order.

*Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

| | |
|---|---|
| **Dated:     August 23, 2010** | **/s/ Sheila K. Oberto**<br>UNITED STATES MAGISTRATE JUDGE |