UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>               Plaintiff,<br><br>   v.<br><br>CITY OF FRESNO, et al.,<br><br>               Defendants.<br>_____ / | CASE NO. 1:09-cv-01667-OWW-SKO<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL**<br><br>(Docket No. 46) |

## I. INTRODUCTION

Plaintiff Harold Walker ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983 against Defendant-Officers Alvarez, Aranas, Leibee, Dozier, and Corona (collectively, "Defendants"). Plaintiff filed this action on September 21, 2009.

On February 28, 2011, Defendants propounded discovery on Plaintiff including Interrogatories and Requests for Admissions ("RFAs"). Defendant Aranas also served Plaintiff with Requests for Production of Documents, Set One ("RFPs"). Responses to all the discovery requests were due on April 18, 2011. (Doc. 46-2, ¶ 3.) Plaintiff responded to the Interrogatories, but not to Defendants' RFAs or to Defendant Aranas' RFPs.

On May 24, 2011, Defendants filed a Motion to Compel which seeks a court order requiring Plaintiff to respond to the RFAs and RFPs. (Doc. 46-1.) Defendants' counsel, Michelle Sassano, submitted a declaration in support of Defendants' motion stating that Defendants did not receive a

response to either the RFAs or the RFPs. (Doc. 46-2, ¶ 5.)

On June 27, 2011, attorney Sassano provided a supplemental declaration stating that responses were provided to all discovery requests except for the RFPs. (Doc. 48, ¶ 4 ("The Request for Production of Documents (Set One) propounded by Defendant [Christopher Aranas] is the only outstanding discovery request remaining.").) A copy of the RFPs and the corresponding proof of service were attached as exhibits to Ms. Sassano's supplemental declaration, but the RFAs and their respective proof of service were not provided. (Doc. 48.)

## II. DISCUSSION

### A. Defendants' Request for Admissions

The failure to timely respond to Requests for Admissions results in automatic admission of the matters requested. FRCP 36(a)(3). "No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." *Fed. Trade Comm. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002); *Garcia v. City of Ceres*, No. CVF. 08-1720 LJO SKO, 2010 WL 2490917, at *4 n.5 (E.D. Cal. June 16, 2010). Once admitted, the matter is conclusively established "unless the court, on motion, permits the admission to be withdrawn or amended." FRCP 36(b).

To the extent that Defendants are seeking an order compelling a response to the RFAs, that request is moot for several reasons. First, a failure to timely respond to requests for admissions results in automatic admission of the matters requested; no motion is necessary. *See Medicor, supra.* Second, Ms. Sassano's supplemental declaration indicates that a response to the RFAs was received. Third, even if a motion to compel responses to the RFAs was not moot, the Court does not have copies of the RFAs or the proof of service to determine timeliness of any responses that were received.

### B. Defendant Aranas' Requests for Production of Documents

Pursuant to FRCP 34(a), a party may request production of documents. If the party to whom the request was directed fails to appropriately respond, FRCP 37(a) allows the requesting party to "move for an order compelling disclosure or discovery." FRCP 37(a)(1). Defendant Aranas' RFPs were served on February 28, 2011, but no responses were received on the April 18, 2011, deadline.

(Doc. 48, ¶ 4.) Defendant Aranas offered to extend the response deadline to May 9, 2011, through a meet and confer letter mailed to Plaintiff on April 29, 2011, but Plaintiff filed no responses. (Doc. 48, ¶ 3.)

As Plaintiff has failed to provide any response to the RFPs, the Court orders Plaintiff to serve a response to Defendant Aranas' RFPs within thirty-three (33) days from the date of this order. All objections to the RFPs have been waived. If Plaintiff determines that there are no documents responsive to any given RFP, he shall state this in a written answer to the RFPs.

**C.    Apportionment of Fees and Costs of Defendants' Motion**

Pursuant to FRCP 37(a), if a motion to compel discovery responses is granted in part and denied in part, and if the Court gives the non-responsive party an opportunity to be heard, then the court may "apportion the reasonable expenses for the motion." FRCP 37(a)(5)(C). Defendants request reasonable costs and attorneys' fees for three hours at a rate of $175.00 per hour, totaling $525.00. (Doc. 46-2.)

Plaintiff was afforded an opportunity to be heard in opposition to Defendants' Motion to Compel, but Plaintiff did not file an opposition. *See* FRCP 37 advisory committee's note, 1993 amendments (an opportunity to be heard includes both written submissions and oral hearings). Defendants' motion to compel has been granted in part and denied in part, and some apportionment of the reasonable expenses for the motion may be appropriate. The Court will hold in abeyance its decision to apportion fees and costs until Plaintiff has provided responses to Defendant Aranas' RFPs. Defendant Aranas shall file a status update forty-five (45) days from the date of this order reporting whether Plaintiff has complied with the order and whether there are any disputes regarding the responses provided.

### III.    CONCLUSION

For the reasons stated above, Defendants' Motion to Compel Plaintiff to respond to Defendants' RFAs is denied as moot. Defendants' Motion to Compel Plaintiff to respond to Defendant Aranas' RFPs is granted.

Accordingly, IT IS HEREBY ORDERED THAT:

1.    Defendants' Motion to Compel is GRANTED in part and DENIED in part;

2. Defendants' Motion to Compel a response to Defendant Aranas' Requests for Admissions is DENIED as moot;

3. Defendants' Motion to Compel a response to Defendants' Request for Production of Documents, Set One is GRANTED;

4. Plaintiff is ordered as follows:

    a. Plaintiff shall serve a response to Defendant Aranas' RFPs within thirty-three (33) days from the date of this order;

    b. Plaintiff shall provide a proof of service when serving his responses;

    c. If Plaintiff determines that there are no documents that are responsive to a particular RFP, he shall state this as a written response to that RFP.

5. Defendant Aranas is ordered to file a status update regarding Plaintiff's compliance with this order within forty-five (45) days from the date of this order.

IT IS SO ORDERED.

Dated:   June 23, 2011                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE