1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  HAROLD WALKER,                                CASE NO. 1:09-cv-01667 OWW-SKO

12
                        Plaintiff,
13                                                **SECOND INFORMATIONAL ORDER**

         v.
14

15  FRESNO POLICE DEPARTMENT,
    et al.,
16

17                      Defendants.
                                            /
18

19          The parties to this litigation shall take note of the following requirements:

20          1.      Unless otherwise ordered, all motions to dismiss, motions for summary judgment,

21  motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and

22  60, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230.  Failure to

23  timely oppose such a motion may be deemed a waiver of opposition to the motion.

24          2.      During the litigation, any Defendant may file a motion for summary judgment.

25  Plaintiff is advised that he has the right to oppose the motion in writing.

26          3.       Pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), Plaintiff is advised

27  of the following requirements for opposing a motion for summary judgment made by any Defendant

28  pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment on some or all

1    of Plaintiff's claims in favor of any moving Defendant without trial.  *See* Fed. R. Civ. P. 56(b).  Each

2    Defendant's motion will set forth the facts that each Defendant contends are not reasonably subject

3    to dispute and that entitle each Defendant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

4          Written oppositions must be filed not more than 18 days, plus 3 days for mailing, after

5    the date of service of the motion for summary judgment.  Local Rule 230(m) provides that the failure

6    to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . . . "

7    This means that the court may deem Plaintiff's failure to oppose each Defendant's motion for

8    summary judgment as a waiver, and may recommend that the motion be granted on that basis.

9          To oppose the motion, Plaintiff must show proof of his or her claims.  Plaintiff may

10   agree with the facts set forth in each Defendant's motion but argue that each Defendant is not entitled

11   to judgment as a matter of law.  Plaintiff may show each Defendant's facts are disputed in one or

12   more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury

13   in the complaint **if** the complaint shows that Plaintiff has personal knowledge of the matters stated

14   **and if** Plaintiff calls the Court's attention to those portions of the complaint upon which Plaintiff

15   relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which

16   Plaintiff believes prove Plaintiff's claims (the persons who sign the affidavit or declaration must have

17   personal knowledge of the facts stated);[1]  (3) Plaintiff may also rely upon written records, but

18   Plaintiff must prove that the records are what Plaintiff claims they are;[2] (4) Plaintiff may also rely

19   upon all or any part of the transcript of one or more depositions, answers to interrogatories, or

20   admissions obtained in this proceeding.  Should Plaintiff fail to contradict each Defendant's motion

21   with affidavits, declarations, or other evidence, each Defendant's evidence will be taken as true, and

22   final judgment may be entered without a full trial.  *See* Fed. R. Civ. P. 56(e).

23

24          [1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or
25   affirmation of the party making it, taken before an officer having authority to administer such oath.  An unsworn
     declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as
26   follows: "I declare under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746.  Affidavits and
     declarations must be made on personal knowledge and must set forth facts that would be admissible into evidence.
27   *See* Fed. R. Civ. P. 56(c)(4).

          [2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and
28   served on the opposing party.  *See* Fed. R. Civ. P. 56(c).

1           If there is some good reason why such facts are not available to Plaintiff when

2    required to oppose such a motion, the Court will consider a request to postpone considering each

3    Defendant's motion.  *See* Fed. R. Civ. P. 56(d).  If Plaintiff does not serve and file a request to

4    postpone consideration of each Defendant's motion or written opposition to the motion, the court

5    may consider Plaintiff's failure to act as a waiver of opposition to each Defendant's motion.

6    Plaintiff's waiver of opposition to each Defendant's motion may result in the entry of summary

7    judgment against Plaintiff.

8          4.    A motion supported by affidavits or declarations that are unsigned will be stricken.

9          5.    The failure of any party to comply with the order, the Federal Rules of Civil

10   Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not

11   limited to, dismissal of the action or entry of default.

12

13   IT IS SO ORDERED.

14   **Dated:**   **August 11, 2011**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28